JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    cynthia.frey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> SEBRENA FLENNAUGH, ) <br> ) <br>     Defendant. ) <br> _____ ) | No. CR 10-0377 JSW <br><br> **[PROPOSED] ORDER OF DETENTION OF DEFENDANT SEBRENA FLENNAUGH** |

    The defendant, Sebrena Flennaugh, came before this Court on May 7, 2010 for a detention hearing. The defendant was present and represented by Christopher Cannon, Esq. Assistant United States Attorney Cynthia M. Frey represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

    Upon consideration of the court file and the party proffers as discussed below, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the

No. CR 10-0377 JSW
[Proposed] Detention Order

safety of any other person and the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

    (1)  the nature and seriousness of the offense charged;

    (2)  the weight of the evidence against the person;

    (3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant is charged with violations of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(iii), conspiracy and distribution of and possession with intent to distribute 50 grams or more of cocaine base in the form of "crack" cocaine, as well as a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Pursuant to 18 U.S.C. § 3142(e)(3), given the above charges, subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. The defendant has not rebutted that presumption.

The defendant has at least six prior felony convictions and three misdemeanor convictions, including two convictions for grand theft, a conviction for second degree burglary, a conviction for carrying a concealed weapon, and three narcotics related convictions. She has also been arrested on numerous additional occasions for narcotics related offenses, many of which resulted in probation revocations. Additionally, the defendant violated the terms of her probation and parole on numerous occasions and several bench warrants have issued for her failure to appear.

No. CR 10-0377 JSW
[~~Proposed~~] Detention Order

After hearing the proffers of both parties, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure the appearance of the defendant as required.  In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance:

1.  The defendant has six prior felony convictions, including three prior narcotics convictions and burglary, as well as three misdemeanor convictions, including carrying a concealed weapon;

2.  The defendant has had her probation revoked four times, two of which were in 2005, and had two parole violations between 2004 and 2005;

3.  The defendant' criminal history shows a failure to appear on five occasions and her release on her own recognizance was revoked five times;

4.  The defendant's residence as indicated to law enforcement is different than the residence given to Pre-trial Services; and

5.  The instant charges reflect a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant.

These factors, among others adduced at the hearing, demonstrate by a preponderance of the evidence that no combination of conditions would assure the appearance of the defendant as required if he were released.

Further, the Court finds by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community.  In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could  reasonably assure the community's safety:

//
//
//
//

No. CR 10-0377 JSW
[Proposed] Detention Order

1. The defendant has six prior felony convictions, including three prior narcotics convictions and burglary, as well as three misdemeanor convictions, including carrying a concealed weapon;

2. The instant charges reflect a presumption that no condition or combination of conditions will reasonably assure the safety of the community.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: June __14__, 2010



_____
JOSEPH C. SPERO
United States Magistrate Judge

No. CR 10-0377 JSW
[~~Proposed~~] Detention Order